IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2008

## GERALD WAYNE CARTER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**Nos. C-07-394, C-08-24     Roy Morgan, Judge**

---

**No. W2008-00652-CCA-R3-PC  - Filed November 13, 2008**

---

In this consolidated appeal, the petitioner, Gerald Wayne Carter, challenges the circuit court's summary dismissal of his petitions for both post-conviction relief and writ of error coram nobis. The circuit court dismissed the petitions, finding that the petitioner had filed outside the statute of limitations period. After review, we affirm the judgments of the court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

J.C. McLIN, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Gerald Wayne Carter, Pro Se, Forrest City FCC-Med, Forrest City, Arkansas.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Procedural History**

This case involves the summary dismissal of the petitioner's separate petitions for post-conviction relief and writ of error coram nobis. The petitioner did not include the judgment of convictions or other documentation in the record on appeal. However, according to the petitioner's pleadings, he pled guilty to robbery in 1989 in exchange for a five-year sentence in case number 89-856. In 1993, the petitioner pled guilty to possession of crack cocaine with the intent to distribute and received a ten-year sentence in case number 96-166.

On December 14, 2007, the petitioner filed a pro se petition, captioned "Post-Conviction Relief/Writ of Error Coram Nobis." The petitioner challenged the voluntariness of his guilty plea for robbery in 1989 because he was never advised that his robbery conviction could be used to enhance "any subsequent felony convictions." In making this argument, the petitioner asserted that

other omissions occurred during the plea hearing and he did not understand the "full consequences and effect" of his plea until he was subsequently "convicted in Federal Court." On January 18, 2008, the petitioner filed a separate petition challenging the voluntariness of his 1993 guilty plea for felony drug possession on the same basis. The circuit court dismissed both petitions without an evidentiary hearing. The court found that the petitioner's petitions were barred by the statute of limitations and the petitioner failed to state a cognizable claim for tolling the limitations period. In particular, the court noted that the petitioner's claim of ignorance of the law did not toll the statute of limitations. The petitioner appealed.

## II. Analysis

On appeal, the petitioner acknowledges that he filed his petitions beyond the statute of limitations for post-conviction relief and writ of error coram nobis. However, he contends that the limitations period should be "equitably" tolled because he was not aware of the fact that his guilty pleas were unknowing and involuntary, and therefore, the pleas were obtained in violation of his constitutional rights.

A statute of limitation period applies to both post-conviction petitions and petitions for writ of error coram nobis. A petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final, or consideration of the petition is barred. Tenn. Code Ann. § 40-30-102(a). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* A court does not have jurisdiction to consider a post-conviction petition filed outside the one-year statute of limitations unless: (1) the claim is based on a final appellate court ruling establishing a constitutional right not recognized at the time of trial but given retroactive effect by the appellate court; (2) the claim is based upon new scientific evidence establishing the petitioner is actually innocent; or (3) the claim is based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. *See id.* § 40-30-102(b). Similarly, a petition for writ of error coram nobis relief must be filed within one year of the time judgment becomes final in the trial court. *See id.* § 27-7-103.

A court may consider an untimely petition if applying the statute of limitations would deny the petitioner due process. *See Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001); *Burford v. State*, 845 S.W.2d 204, 209-10 (Tenn. 1992). To determine if due process requires the tolling of the statute of limitations, a court must weigh the petitioner's interest in having an opportunity to present his claims in a meaningful time and manner against the state's interest in preventing the litigation of stale and fraudulent claims. *Burford*, 845 S.W.2d at 208. More specifically, a court should utilize the following analysis:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In this case, the record reflects that the petitioner filed his petitions well after the statute of limitations period had expired.[1]  Moreover, the petitioner has not provided any facts which raise a due process concern.  *See, e.g., Williams v. State*, 44 S.W.3d 464 (Tenn. 2001) (holding that strict application of the statute of limitations to cases in which a petitioner has been unilaterally deprived of the opportunity to seek second-tier review of his convictions through misrepresentations of his attorney may violate due process); *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000) (holding that the statute of limitations should be tolled during time that petitioner was mentally impaired).  The petitioner's assertion that the statute of limitations should be "equitably tolled" because he was unaware of the consequences of his guilty pleas does not hold merit.  The petitioner was afforded a reasonable opportunity to present his claim regarding the voluntariness of his guilty pleas and his claim of ignorance does not create a due process avenue of relief.  We have previously held that the post-conviction statute of limitations does not include a discovery exception which would toll its one-year limit.  *James Marvin Martin v. State*, No. E2004-00740-CCA-R3-PC, 2004 WL 2280425, at *3 (Tenn. Crim. App., at Knoxville, Oct. 11, 2004), *perm. app. denied*  (Tenn. Feb 28, 2005).  Further, we have previously determined that mere lack of knowledge that a claim exists does not toll the statute of limitations.  *See, e.g., Jason Earl Hill v. State*, No. E2005-00968-CCA-R3-PC, 2006 WL 389667 (Tenn. Crim. App. at Knoxville, Feb. 16, 2006), *perm. app. denied* (Tenn. Sept. 5, 2006) (concluding that petitioner's lack of knowledge does not toll the statute of limitations when petitioner argued that he did not discover his claim for relief until the conviction was used to enhance a subsequent federal sentence); *Guillermo Matiaz Juan v. State*, No. 03C01-9708-CR-00318, 1999 WL 76453 (Tenn. Crim. App. Feb. 18, 1999), *perm. app. denied* (Tenn. July 12, 1999) (determining that ignorance of the law did not bar application of the post-conviction statute of limitations).  Accordingly, the application of the statute of limitations in this case does not violate due process and the circuit court did not err by summarily dismissing the petitions.

### III. Conclusion

The circumstances of the petitioner's case do not indicate that he was denied a reasonable opportunity to assert his post-conviction claims in a meaningful time and manner.  The petition is time barred, and the circuit court was correct to rule accordingly.  The judgments of the court are affirmed.

---

[1]  We note that at the time the petitioner was sentenced for his convictions, the statute of limitations for the filing of a petition for post-conviction relief was three years.  However, on May 10, 1995, the General Assembly for the State of Tennessee modified the statute of limitations from three years to one year.  *See* Tenn. Pub. Acts 207 § 3.  The Post Conviction Procedure Act of 1995 does not provide petitioners for whom the statute of limitations had already expired any additional time in which to file a petition for post-conviction relief.  *See Carter v. State*, 952 S.W.2d 417, 420 (Tenn. 1997).  From his pleadings, it appears that the petitioner waited over a decade to file his petitions for post-conviction relief.

J.C. McLIN, JUDGE